Good morning, everyone. Welcome to the Ninth Circuit. It's great to be sitting here with my colleague, Judge Buente, in person, and I would like to welcome, special welcome to Judge Gleeson, Chief Judge of the District of Alaska. Judge Gleeson, sorry not to have you here in person, but thank you for sitting with us by designation. Thank you for the court. Certainly, thank you. I'd also like to welcome counsel this morning and extend the court's thanks to counsel for your assistance in helping us schedule this argument today instead of on Monday. We greatly appreciate your flexibility. We have two cases up for argument this morning. Appellants, feel free to reserve separate time for rebuttal. It'll be on you to manage the clock time. There are a number of matters that are submitted. I won't list those, but those are listed on the date sheet, and we'll go ahead and proceed to our argument calendar this morning. The first matter we'll be hearing is United States of America v. Jason Eric David, case number 250274, and Ms. Young will be pleased to hear from you. Thank you, Your Honors. Katherine Young for the Federal Public Defender's Office. I do want to reserve three minutes of my time for rebuttal, and I will watch the clock. Mr. David is appealing his sentence for possession of stolen mail. The first issue I want to turn to, unless the court has any other questions, is Mr. David's contention that the waiver of appeal is unenforceable. In this case, there is a plea agreement. There was a waiver of appeal of sentence that, paragraph long, contained various aspects of the sentence that Mr. David agreed to waive. Now, Rule 11 requires the district court, before the district court accepts a plea of guilty, to address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the terms of any plea agreement provision waived in the right to appeal. Now, in this case, the district court did not satisfy Rule 11. The district court did not mention the appeal waiver prior to accepting David's guilty plea. The government relies upon the fact that after the guilty plea was accepted, the prosecutor asked to mention that there was a waiver of appeal without stating the terms of the waiver, and the court then said yes, and it's in the plea agreement. But what you're saying, if there was maybe a, let's assume you're correct, that there was a violation of Rule 11, how does it affect your client's substantial rights? It affects his substantial rights, as set forth in the Arlano case, because he, there's nothing elsewhere in the record to indicate that he understood the right to appeal the sentence. And so, Arlano holds that in that case, his substantial rights are affected. And then, because the district court's willing to comply, I'm sorry? Well, I was going to say, what about the colloquy that, where the, Mr. David said, well, yes, I've read everything, I understand it all, I've discussed it with my attorney, isn't that additional evidence? No, it's not, Your Honor, because it does, the whole point of Rule 11 is to make sure that the court personally addresses the defendant, and Rule 11 is held that nothing else is sufficient but the plea agreement, there's nothing else outside the record. This court said in the Valdez case that the insufficiency of outside information aligns with the whole point of Rule 11. Now, if the court could simply say, do you understand the plea agreement, you know, and the defendant said, yes, I do, that would not be sufficient to comply with Rule 11. The Rule 11 and this court in Valdez said, we need to make sure that the court has addressed the defendant and made sure that the defendant understands that provision. The plea agreement is not enough, and the defendant just making a wholesale sweep of saying, yes, I understand the entire plea agreement, isn't enough because Rule 11 has determined that these specific items are sufficiently important that the district court has to specifically address the defendant in an open court. And I also want to point out that if you shepherdize Eranado, there's about 10, over 10 men disclosed in which this court has said, Rule 11 wasn't complied with, we're going to, you know, we're not going to honor the plea with a waiver, and we're going to address the merits. So it's... So under a plea to Eranado, you have to show that there's a reasonable probability that he would not enter the plea agreement under the Rule 11 violation. So what's the evidence to show that he would not have entered the plea agreement? I would like to disagree with the premise, Your Honor. That standard is from Dominguez-Benitez, a Supreme Court case, saying that you have to show that he would not have entered the plea agreement, but that only applies if the defendant wants to withdraw his plea. That's what the Eranado court says. The Dominguez-Benitez standard, the government cites Ross in its pleadings, but Ross, the source of that statement in Ross is the Supreme Court statement, Dominguez-Benitez, and that says that if you want to withdraw your plea, you have to have shown that you wouldn't have pled guilty. That doesn't apply if you're just asking the court to not enforce the appeal waiver. That's what Arianna says, and there's also courts from other circuits saying the same thing. That standard is not... But what's the standard then if you're just seeking to avoid the appeal, appellate waiver? In this case, as in Arianna, you have to prove that there's nothing inside the record that shows he understood the appeal waiver. But that just sounds like a regular error. That's not a plain error statement. Well, that's the standard that's set out in Arianna. If there's nothing elsewhere in the record to understand that Arianna understood his rights to appeal his sentence, his substantial rights are affected. So that's what Arianna says, and as I said, there's also a number of cases... It seems like it would create a situation where any time there was this particular violation of Rule 11, which seems technical in nature, that would be it. And that would effectively be a plain error every time. Well, I think unless there... As the Arianna court says, unless there's something in the record that shows he understood the right to... That he understood that he had a right to appeal, that he was waiting in the plea agreement, that's what Arianna and a number of cases following Arianna have held, that this is sufficiently important that we need to... The defendant understands that he's giving up the right to appeal. I did... I was going to ask you about the electronic search condition, which I think the government agrees is outside the appellate waiver. And get your position on why that condition was an abuse of discretion. Well, Your Honor, we're contending that in this case, obviously, there was nothing to He had no digital devices. It was a simple possession of stolen mail. And so his search condition simply wasn't reasonably related to the goals of deterrence, rehabilitation, and public protection. And then there's a number of cases talking about the importance of the phone and all the things that are on the phone that revolve around our lives. And so it's a substantial invasion of privacy. And here, the standard of invading his privacy was not met in the position of the condition. So... I'm sorry. Go ahead, Judge. All right. Thank you. So in your mind, is the Witski case by the circuit meant to... Was it wrongly decided or distinguished enough? We argue that it's distinguishable because I don't think Witski addresses the types of factors that we're relying on. The subsequent cases in which this court and other courts have emphasized the importance of a phone in one's life and all the things that are on the phone and so the tremendous privacy interests in the phone that need to be taken into consideration in evaluating whether the search condition is reasonable. What about our decision in Baer? That one seems to pretty clearly reject the idea that just because somebody didn't use a phone in the commission of the offense that this type of search condition would be impermissible. Well, Your Honor, as we discussed in Baer, that statement in Baer was dicta because, in fact, in Baer, they found that there was a nexus. So there was a clear... The district court expressed... The majority said the district court expressed they found a nexus between Baer's operation of a pawn business involving firearms and the ability to store records relating to that business on computers or other electronic devices. So they may have said that, but it was dicta because there was a relationship in Baer, and they found that relationship. What was the error here? Was the error here in the district court not saying more about this? Or was there nothing more that could be said? Well, that's part of it. He didn't explain why. When there was an objection, he didn't explain why. But the error is just that he didn't balance. We're arguing that it's wrong. It wasn't justified. But also it's wrong because there's no balancing of the fact that this offense did not involve anything to do with digital devices, and there's no inquiry as to whether his substantial rights and privacy in his digital devices was really weighed against the government's interest in this case. Oh, and I... Why doesn't the reasonable suspicion state that even if we agree with you, if there's reasonable suspicion that showed that he violated a term of his condition of supremacy, why not a nexus? Well, I think because you're either so much on a phone that you can argue reasonable suspicion for everything, I don't think that test has any meaning in the context of a phone where your whole life is on the phone and everything's on the phone. So we're arguing that there should be a higher standard when you're invading so much privacy. And I see I only have a minute and a half left, so unless there are any further questions... Okay, we'll put two minutes back up for you since we've kept you going here. Okay. Mr. Frumkin. Good morning, and please, the Court. Aaron Frumkin on behalf of the United States. I'd like to begin by addressing some of the questions from this Court regarding the standard as to the appellate waiver, because I think that that's a very important issue to focus on. It's clear here, even under the Ariana Villegas case, that in a circumstance such as this where there was no objection during a colleague plea, it is the defendant's burden to show a specific prejudice to substantial rights. And in this case, the defendant simply cannot do that, and respectfully, he has not even attempted to do that. The only answer that counsel provided to this Court as to what the substantial rights were was, well, that's what Ariana Villegas said, but the facts of that case were very different from this case, and Ariana certainly did not overrule the plain error standard of review. This Court has held in numerous cases. Excuse me. What do you think is doing the work here? Is it this statement? Is it the government's reminder at the end of the hearing to say, oh, by the way, there was this appellate waiver? Is that what you think is significant, or is it just the entire nature of the preceding colleague plea is enough? What are you asking us to focus on? Well, Your Honor, I think that it's several things, but first and foremost, it's the fact that it is defendant's burden to establish prejudice, and that showing has not been made. And second... Why, why, why? What's the question? Why? Well, Your Honor, because the colleague plea as a whole was, except for this error, and there was an error in there, but I agree with Your Honor's interpretation that it was technical in nature. The colleague plea was thorough. This defendant stated repeatedly throughout the colleague plea that he was absolutely satisfied with his representation. He certified he had read the entire agreement. He understood each of the rights he was giving up. This is in the second volume of the excerpts of record around pages 72 to 83. The court can find very detailed explanation in the colleague plea. In fact, the district court even went out of its way to note on the record that this defendant appeared to be very knowledgeable about what he was doing in entering this agreement. And then after that, at the end, but on the record at the hearing, there was this reminder from counsel that there are specific waivers for appeal in the agreement, and there was a direct citation of the pages on which those waivers can be found. And looking at all of that as a whole, given that defendant has not even alleged he failed to understand the nature of the right by issue, there's simply no way for this defendant to meet the plain error standard. I can't, just because you have limited time, I want to hear from you on the search, this condition of supervised release. And the question here to me is, is there any case where this kind of condition would be impermissible in the government's view? Because it does seem like it's one that could apply to lots of different people. And I guess I'm wondering, are there any limits on this? Well, Your Honor, respectfully, I'm not sure whether I'm prepared to answer whether this particular condition could apply in each and every case. I suspect that there are probably some cases where it may be impermissible. But certainly this case is not one of those. Here, this defendant had 28 prior convictions, numerous convictions for theft, violations of court orders. In fact, he committed the incident offense while he was serving a criminal justice sentence of probation. And on top of that, Your Honor, I refute the defendant's characterization that the conviction here was for possession of stolen mail. That was one of the defendant's convictions. He was also convicted for possession of unauthorized access devices. And here, he possessed roughly 50 genuine social security numbers and identifications and bank account information belonging to other people. Given all of those facts, he still had his mail to get, specifically to get this kind of information? Or was he just taking mail and this was what happened to be in there? Your Honor, the record reflects it. His aim was to gather PII. This is a common practice. I would say that the record does not show that each and every piece of mail that was found in his possession was necessarily intentionally stolen. But he had the lists, including of social security numbers and bank account information. What was he doing with it? Selling it? Well, Your Honor, the record doesn't show anything further in this case. But generally, in cases such as these, this information is possessed to try to make money. And I would say that to say, particularly on this record, that it's unreasonable to imagine that this type of crime might be furthered using a digital device is unreasonable. But even putting all of that aside, this condition must be permissible here because it's preceded by a reasonable suspicion. And that, in and of itself, this Court has held, relates the condition to the goals of supervised release. We presume that the conditions that the Court has imposed are all related reasonably to the forward-looking goals of supervised release. And here, this defendant's devices can only be searched if there is a reasonable suspicion that he is violating one of those conditions. So, given that... And also, it has to be a reasonable suspicion that the items searched would contain evidence of the violation, right? Correct, Your Honor. And the search must be conducted in a reasonable manner. I think that the fact that this defendant... The record is replete with evidence that this defendant could be envisioned to be involved in future crimes, given his lengthy record. And this crime is so integrally related to the use of digital devices that the fact that it's preceded by a reasonable suspicion... The District Court was well within its discretion in imposing this condition. I think that the Court's decision in Whiskey makes clear that reasonable suspicion is a powerful protection against undue intrusion into a defendant's rights. And as Your Honor mentioned previously, BEHR has clearly held that, in any event, the conditions must be related to the forward-looking goals of supervised release and not necessarily to the backward-looking specific facts or evidence of the crime. But the government's position here is that, regardless of the standard, all of those would be satisfied here because of this record and this defendant's criminal history. Counsel, please. Now that the dog waiver was valid and enforceable, do we still reach Condition 14, standard Condition 14, which the government concedes is unconstitutional? Your Honor, that standard condition would be waived because that was one of the conditions that, clearly in the plea agreement, the defendant agreed to waive. He agreed to waive each of the standard conditions of the District Court. So the only issue on this appeal that would not be waived would be the digital device search condition because it was not a standard condition. But can you waive the acceptance of an unconstitutional condition? Well, Your Honor, the defendant waives numerous of his constitutional rights in the plea agreement. That's the nature of the bargain. I think that the fact that this Court has determined later that a particular general condition is unconstitutional and going forward no longer opposes it, in no way validates a defendant's free election to enter into an agreement to waive certain rights. I'm not sure that's correct. Like, for example, he couldn't agree to an illegal sentence, for example. And then we can, I mean, we would not be powerless to avoid that. No, I agree, Your Honor. But I do think this is not quite the same as saying that he is agreeing to some sort of illegality, that he agreed to waive any of the standard conditions of the District Court after the fact this Court has held that one of those conditions generally is vacated under the Madrilla case. But I don't think that those two issues are the same. I think that it's more akin to the defendant agreeing to waive. I just don't see it. I mean, I don't see what interest the government would have in imposing a condition we've said isn't valid. I don't see why we wouldn't just send this back to get that cleaned up. Well, Your Honor, certainly the government has no objection to that condition not being imposed in this case. As a matter of the technical boundaries of the waiver, it is true that the defendant did waive his appeal of that condition. So I think it would be a bit perhaps awkward to enable that portion of the appeal without the other portions of the appeal that have also been waived. But yes, the government does not have any independent interest in Standard Condition 14 being imposed. The government's strong interest is in upholding the appellate waivers in this case, as I think this Court is well aware. I see my time is running to a close, unless the Court has any further questions. Thank you very much. Thank you, Mr. Kromkin. Ms. Sandlin, we'll hear from you. Thank you, Your Honors. Just briefly, the prosecutor said that it's the defendant's burden to show plain error with respect to the waiver, and we think we've done so under Arellano and all the cases that follow Arellano. The Court is required to follow Rule 11. If the prosecutor wanted to enforce the plea agreement appeal waiver, the prosecutor could have recited it, but the prosecutor didn't. He just said there's a waiver for appeal. That could be a waiver of conviction. Nobody set forth the terms of the waiver of appeal. Now, the prosecutor also said that there's no statement in the record that Mr. David failed to understand the appeal waiver, but there was no means of expressing that on the record because there was no explanation of the waiver at the plea. And then the sentencing, there was no reiteration that there was a waiver of appeal. So there was no chance on the record that Mr. David had to say, oh, I want my right to appeal. I didn't know I'd waived it. That's why there's nothing in the record showing that he didn't want to give up the right to appeal because no one ever explained it to him. And so unless there are any further questions, that's all I have. Well, thank you both for your fine arguments this morning, and the matter is submitted. Thank you. Thank you.
judges: BRESS, BUMATAY, Gleason